Fr,ost, J.
dissenting. — A new trial is ordered in this case, because John Ford was not admitted as a witness for the plaintiff. By the judgment of the Court, it is affirmed that the defendant in execution is a competent witness for the sheriff, in an action to recover from a purchaser the amount of his bid, at a sale of the defendant’s property.
The general rule is, that “ the law looks upon a witness as interested, when there is a certain benefit or disadvantage to the witness, attending the consequence of the cause, one way.” No more “ certain benefit to a witness, attending the consequence of the cause, one way,” can be suggested, than the recovery, by a defendant, of the purchase money of his property, sold by the sheriff, under execution. He is interested that the plaintiff should have a verdict; and for the largest amount. The recovery is for his use. The verdict is an instrument of evidence for him to charge the sheriff with the amount of it.
When the effect of the witness’ testimony will be to create, *537 or to increase a fund, in which he may participate, he is incompetent. A distributee of an estate is an incompetent witness to increase or prevent the diminution of the assets of the intestate. Spire v. Austin, Jerry v. Belcher. Acreditar of an insolvent is not a competent witness, in an action by the assignee to recover the assigned effects. Cleverly v. McCullough. Nor, in the same case, can the insolvent be a witness. Rudge v. Ferguson. How much stronger is the objection where the witness is called to testify for the recovery of a fund in which he is solely and exclusively interested.
j fail 568' 2 Hili 447! 1 Car. & P. 253‘
2 New. Rep. 331.
That the principal is not a competent witness to prove a sale by his agent, is so self-evident, that it is not probable a case can be found in which the question has been made. In our decisions, the sheriff, with respect to his official sales, is frequently called and considered the agent of the defendant. A sale by the sheriff is in every particular strictly analogous to a sale by an agent. The defendant has the same interest, in an action by the sheriff, to recover the price of his property, as the principal has, in a like action, by his agent. The verdicts are for the benefit of the defendant and of the principal, respectively; and the judgment would serve each of them equally, as an instrument of evidence. That the principal is not a competent witness to prove a sale by his agent, is conclusive against the competency of the defendant to prove a sale of his property by the sheriff.
In Bland v. Apsley, which was an action of trespass against the sheriff, the question was, whether goods which had been taken by him, in execution, in a suit against A. B. belonged to A. B. or to the plaintiff. A. B. (the defendant in execution) was not allowed to be a witness for the defendant (the sheriff) to prove the goods to be his (A. B’s.) property; because the effect of the evidence “would be to pay his own debts/ with the plaintiff’s goods.” The effect of the defendant’s evidence to prove a sale by the sheriff, would be to pay his debts with the defendant’s money.
If Ford is not competent to prove the sale to Aiken, he is equally incompetent to repel Aiken’s defence to the action, that he was released from the contract, by the transfer of his bid to Peay. This incompetency is determined by his interest in the verdict, and excludes his evidence in every particular which may promote the plaintiff’s recovery. If he cannot directly charge the defendant, by proving the sale, neither can he indirectly charge the defendant by disproving what is alleged in his defence. It is true, that it may be indifferent to him whether Peay or Aiken be charged with the purchase; for both are responsible. But the rules of evidence are not adapted to particular cases. They are of universal application ; and Ford must be equally competent, though Aiken *538 were insolvent, and he interested, to the full amount in dispute, to procure a verdict against Aiken. And he must also be competent to repel every defence, whatever. Any other rule would solve the question of competency, not by the interest of the witness in the verdict, or the certain benefit he may procure by his testimony; but by a distinction between the affirmative of a fact, material to the plaintiff’s case, and the contradiction of a fact, material to the defence; which, in its effect on the result of the case, and on the mind of the witness, is wholly immaterial.